Law Office of Ember S. Tilton
217 W 14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939 - phone
(907) 274-0949 - fax
ember@tiltonlaw.us

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ALASKA PRETRIAL DETAINEES
FOR THE END OF UNWARRANTED
COURTROOM SHACKLING;
JASON McANULTY;
TOBY SPECE;
                  Plaintiffs,

    v.

ALASKA COURT SYSTEM ADMIN.
DIRECTOR CHRISTINE JOHNSON;
ALASKA DEPT. OF PUB. SAFETY
COMM'R WALT MONEGAN;
                  Defendants.

Docket No.: 3:17-cv-_____

## **COMPLAINT**

NOW COMES Plaintiffs, by and through the Law Office of Ember S. Tilton, in this Honorable Court with the following complaint seeking injunction and declaratory judgment for the violation of rights guaranteed under the Constitution of the United States of America.

## **INTRODUCTORY STATEMENT**

In Alaska's state courtrooms, in what should be sacred halls of justice, many accused of criminal acts appear in court handcuffed together wrist-to-wrist forming a human chain, despite the presumption of innocence. Because cases move slowly, people unable to post bail are hauled to court almost monthly for pretrial conferences, often referred to as a "cattle calls," where typically their attorneys will waive time under Alaska's speedy trial rule, Rule 45. When a detainee moves an arm during these hearings, the next detainee's cuff will be tugged by the

shackle. While detainees are most often respectful of this fact and each other, and while most security officers are willing to loosen handcuffs when they are too tight, all detainees suffer some pain and great humiliation when made to be links in this human chain.

This claim challenges the legality of this practice and seeks an injunction to end unwarranted shackling statewide.

## JURISDICTION and VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). All claims and attorney's fees arise under 42 U.S.C. §§ 1983 & 1988 for violations of Plaintiff's rights under the Constitution of the United States.

2. Declaratory judgment and prospective injunctive relief are sought under Ex parte Young, 209 U.S. 123 (1908), 28 U.S.C. § 2201 and § 2202.

3. Jurisdiction is conferred upon state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## PARTIES

5. Plaintiff organization, Alaska Pretrial Detainees for the End of Unwarranted Courtroom Shackling (hereinafter "Alaska Pretrial Detainees"), is a growing group with over thirty members, to date, organized for the purpose of legal advocacy on behalf of its members.

6. Plaintiff McAnulty is a resident of Alaska and a citizen of the United States.

7. Plaintiff Spece is a resident of Alaska and a citizen of the United States.

8. Defendant Christine Johnson was at all relevant times the Administrative Director of the Alaska Court System, a governmental institution established under Alaska's Constitution and state law, responsible for the administration of justice throughout the state.
Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

9. Defendant Walt Monegan was at all relevant times commissioner of the Alaska Department of Public Safety, the agency which includes the State Troopers. Alaska Judicial Services is a branch of the Alaska State Troopers and at all times an entity of the Alaska government.

10. Defendants at all relevant times acted under color of state law exercising governmental authority for the State of Alaska.

11. Plaintiffs McAnulty and Alaska Pretrial Detainees seek prospective injunctive relief against all Defendants in their official capacity only.

12. All Plaintiffs seeks declaratory judgment against all Defendants in their official capacity.

## FACTUAL ALLEGATIONS

13. Alaska Pretrial Detainees is a group comprised of persons detained with pending state criminal charges as of September 17, 2017. All members of the group have been shackled to other individuals for court appearances. All members expect to be shackled again at future court appearances, until such time as they are acquitted or convicted. New members are joining the group on an ongoing basis and it is reasonable to assume that so long as the Defendants continue the current shackling policy, members will continue to be handcuffed together for court appearances, wrist to wrist.

14. Plaintiff McAnulty is a natural person charged with state crimes, unable to post bail.

15. Plaintiff Spece is a natural person recently violated on his state probation in Alaska and had been detained pre-trial for inability to post bail.

16. On June 19, 2017, Alaska Superior Court conducted a "Bench-Bar" meeting in Anchorage to discuss whether to abide by the Ninth Circuit ruling in United States, v. Sanchez-Gomez, 859 F.3d 649 (9th Cir. 2017) (en banc).

17. Alaska Superior Court decided not to change their shackling practice.

18. On July 17, 2017, Judicial Services took Plaintiff McAnulty from Anchorage Correctional Complex and brought him to the Nesbett Courthouse for a pretrial conference.

19. At pretrial conferences, the Superior Court typically inquires as to the status of the case, sets the next conference, sets the trial date, and asks defense counsel whether their client will waive speedy trial rights under Alaska Rules of Criminal Procedure, Rule 45.

20. Plaintiff McAnulty was taken into the courtroom and seated in the jury box, handcuffed to the other detainees who were unable to post bail.

21. On July 17, 2017, Plaintiff McAnulty, appearing for a pretrial conference, respectfully asked Judge Saxby to remove his handcuffs.

22. Alaska Superior Court Judge Saxby has never made a specific or general finding that hand cuffs were necessary given Mr. McAnulty's disposition, history of courtroom behavior, or demeanor.

23. On July 17, 2017, upon hearing Mr. McAnulty's request, Judge Saxby refused to have the cuffs removed and Mr. McAnulty remained shackled to other detainees.

24. On July 27, 2017, Plaintiff Spece, appearing for a probation sentencing hearing, respectfully asked Alaska Superior Court Judge Corey to remove his handcuffs.

25. Judge Corey deferred his decision to the Judicial Services Officer who declined to unshackle Mr. Spece, who as a result remained shackled to other detainees.

26. Plaintiffs McAnulty and Spece have never caused a disturbance in the courtroom and did not cause any problems for Judicial Services during transport.

27. Had Plaintiffs McAnulty and Spece been able to post bail, they could have sat in the courtroom without handcuffs wearing civilian clothes.

28. Because of the shackling, Mr. McAnulty, Mr. Spece, and Alaska Pretrial Detainees members experience pain, discomfort, and humiliation each time they appeared in court.

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

29. Wearing handcuffs for any extended period of time necessarily causes some degree of pain.

## COUNT I – VIOLATION OF PROCEDURAL DUE PROCESS

30. Paragraphs 1 through 29 are hereby re-alleged and incorporated by reference.

31. Before the government may deprive a person of liberty, the government must afford a person notice and an opportunity to be heard, pursuant to the Due Process Clause.

32. A person has a protected liberty interest in having their hands free from chains everywhere in the United States, including Alaska's state courtrooms.

33. Due process requires a factual, individualized finding that handcuffs are necessary to keep the court orderly and safe prior to requiring a defendant to wear shackles during a hearing.

34. Defendants required Plaintiffs to wear handcuffs in the courtroom without first making findings of individualized necessity.

35. Defendants deprived Plaintiffs of liberty without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

36. As the direct and proximate cause of Defendants' unconstitutional actions, Plaintiffs suffered injury in the form of humiliation, disenfranchisement, physical pain, mental distress, loss of confidence in the judicial process, and loss of protected liberties.

## COUNT II – VIOLATION OF SUBSTANTIVE DUE PROCESS

37. Paragraphs 1 through 36 are hereby re-alleged and incorporated by reference.

38. The act of shackling a person to another by the wrists with handcuffs in a courtroom shocks the conscience and interferes with rights implicit in the concept of ordered liberty in violation of substantive due process guaranteed by the Fourteenth Amendment.

39. Plaintiffs have a right to be free from arbitrary and outrageous governmental action.

40. Defendants' indiscriminate shackling policy is unconstitutional on its face.

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

41. Even if Plaintiffs had been afforded an opportunity to be heard and were found to be a security risk, the act of shacking detainees together by the wrists would remain and always be inhumane and unconstitutional.

42. Defendants' abuse and arbitrary exercise of executive power in shackling Plaintiffs and members of Plaintiff group together by their wrists, is so clearly unjustified by any legitimate public safety objective that it violates substantive rights under the Fourteenth Amendment of the United States Constitution.

43. Wrist-to-wrist handcuffing of pretrial detainees is an unconstitutional instrument of governmental oppression serving no legitimate State interest, lacking any rational basis.

44. As a direct and proximate cause of Defendants' unconstitutional conduct Plaintiffs are denied the benefits of the liberty they are entitled to by federal law and continue to be denied the benefits of personal dignity which adversely affects their decisions in court.

## **COUNT III – STATE LAW BATTERY CLAIM**

45. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference.

46. Defendants caused offensive, unconsensual, and unlawful contact with Plaintiffs by requiring their subordinates to handcuff Plaintiffs to other individuals.

47. Defendants' unconsensual contact with Plaintiffs caused them to suffer harm in the form of physical pain and public humiliation.

WHEREFORE, Plaintiff requests declaratory judgment and prospective injunctive relief as deemed just, as well as reasonable attorney fees under 42 U.S.C. § 1988.

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us

## DEMAND FOR RELIEF

WHEREFORE, Alaska Pretrial Detainees, McAnulty and Spece demand the following relief:

a. Issue injunctive relief, preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, and all others acting in concert with them from subjecting Plaintiffs to the unconstitutional policies and practices described herein, including the cruel, degrading, and unconstitutional practice of shackling detainees for in-court appearances without an individualized determination that such restraints are necessary;

b. Declaratory judgment that the Alaska shackling policy violates the U.S. Constitution;

c. Attorney's fees pursuant to 42 U.S.C §1988; and

d. Costs, interest, and further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

DATED this 23rd day of October, 2017, at Anchorage, Alaska;

                        Respectfully Submitted,

                        By: _____
                            Ember S. Tilton, for the Plaintiffs
                            Alaska Bar No. 1605041

Law Office of Ember S. Tilton
217 W14th Ave, Unit 2
Anchorage, AK 99501
(907) 274-0939
ember@tiltonlaw.us