# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ALASKA PRETRIAL DETAINEES FOR THE END OF UNWARRANTED COURTROOM SHACKLING; JASON MCANULTY; TOBY SPECE,

    Plaintiffs,

v.

ALASKA COURT SYSTEM ADMIN. DIRECTOR CHRISTINE JOHNSON; ALASKA DEPT. OF PUB. SAFETY COMM'R WALTER MONEGAN,

    Defendants.

Case No. 3:17-cv-00226-SLG

## ORDER RE MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiffs' Motion for Preliminary Injunction at Docket 10.[1] Defendants opposed the motion at Docket 24. Plaintiffs filed a reply at Docket 35. Oral argument on the motion was held on February 23, 2018.[2] For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiffs' Complaint alleges that Alaska state courts require pretrial detainees to be shackled together in a "human chain" to enter the courtrooms.[3] Plaintiff Jason McAnulty was charged with crimes by the State of Alaska and was unable to post bail.[4]

---

[1] *See also* Docket 11 (Mem.).

[2] Docket 47 (Minute Entry).

[3] Docket 1 (Compl.) at 1–2.

[4] Docket 1 at 3, ¶ 14.

He alleges he was handcuffed to other detainees who were unable to post bail and taken into the courtroom before the Alaska Superior Court.[5] Mr. McAnulty requested that his handcuffs be removed, but the court denied the request.[6]

Plaintiff Toby Spece violated his state probation and was detained when he was unable to post bail.[7] At Mr. Spece's hearing, he also requested to the Alaska Superior Court to have his handcuffs removed.[8] The court deferred to the Judicial Services Officer, who declined to unshackle Mr. Spece.[9] Neither Mr. McAnulty nor Mr. Spece appealed the decisions made by the Alaska Superior Court.

On May 31, 2017, the Ninth Circuit issued an opinion regarding pretrial shackling in *United States v. Sanchez-Gomez*.[10] The Circuit held that pursuant to the due process clause of the Constitution, "[b]efore a presumptively innocent defendant may be shackled, the court must make an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom."[11] This holding extends to "pretrial, trial, or sentencing, with a jury or without."

Plaintiffs maintain that after *Sanchez-Gomez* was decided, the Alaska Superior

---

[5] Docket 1 at 4, ¶ 20.

[6] Docket 1 at 4 ¶¶ 21, 23.

[7] Docket 1 at 3, ¶ 15.

[8] Docket 1 at 3, ¶ 24.

[9] Docket 1 at 4, ¶ 25.

[10] 859 F.3d 649 (9th Cir. 2017).

[11] *Sanchez-Gomez*, 859 F.3d at 661.

Case No. 3:17-cv-00226-SLG, *AK Pretrial Detainees, et al. v. AK Court System, et al.*
Order re Motion for Preliminary Injunction
Page 2 of 7

Court conducted a "Bench-Bar" meeting in Anchorage to determine whether the Alaska state court should following the Ninth Circuit's holding in *Sanchez-Gomez*.[12] The superior court decided not to follow *Sanchez-Gomez* and to continue the current shackling practice.[13]

On October 24, 2017, Plaintiffs filed their Complaint in this Court alleging that without an individualized finding that handcuffs are necessary, pretrial detainees' procedural and substantive federal due process rights are violated.[14] Plaintiffs also allege a cause of action for battery under state law. They seek injunctive and declaratory relief on behalf of all in-custody defendants in the District of Alaska.[15] On November 24, 2017, Plaintiffs filed a Motion for Preliminary Injunction asserting that Plaintiffs are entitled to preliminary injunctive relief under *Sanchez-Gomez*.[16]

## DISCUSSION

Plaintiffs challenge the Alaska state court's shackling policy and seek an injunction prohibiting the State of Alaska from "[s]hackling pretrial detainees to each other by the wrists in court" and "[s]hackling any pretrial detainee in court without a prior judicial factual determination of necessity to protect the safety of the public and court officers."[17]

---

[12] Docket 1 at 3, ¶ 16.

[13] Docket 1 at 3, ¶ 17.

[14] Docket 1 at 5.

[15] Docket 1 at 3, 5–6; Docket 11 at 3.

[16] Docket 11 at 4.

[17] Docket 10-1 (Proposed Order) at 2. However, Plaintiffs retreated from the injunctive relief requested in the Proposed Order. At oral argument, Plaintiffs requested the Court issue an injunction requiring the state court to implement a policy regarding pretrial detainee shackling.

Case No. 3:17-cv-00226-SLG, *AK Pretrial Detainees, et al. v. AK Court System, et al.*
Order re Motion for Preliminary Injunction
Page 3 of 7

Defendants respond that Plaintiffs "have state-court remedies to address their alleged harms. Rather than seeking federal-court entanglement and oversight in the administration and supervision of Alaska's state courts, plaintiffs should litigate their claims in the state courts in the first instance."[18]

Defendants rely on *O'Shea v. Littleton* to support their argument.[19] In *O'Shea*, a group of individuals filed a complaint against various state officials, including a state magistrate and associate judge, seeking an injunction in federal court from "set[ting] bond in criminal cases according to an unofficial bond schedule without regard to the facts of the case or circumstances of the individual defendant."[20] The district court dismissed the case for lack of jurisdiction; the Court of Appeals reversed and remanded. On appeal to the Supreme Court, the Court held that the principles of equity, comity, and federalism precluded the federal court's equitable intervention.[21] The Court provided the following discussion as to why federal courts should not generally issue injunctions against state court officials:

> A federal court should not intervene to establish the basis for future intervention that would be so intrusive and unworkable. In concluding that injunctive relief would be available in this case because it would not interfere with prosecutions to be commenced under challenged statutes, the Court of Appeals misconceived the underlying basis for withholding federal equitable relief when the normal course of criminal proceedings in the state courts would otherwise be disrupted. The objection is to unwarranted anticipatory interference in the state criminal process by means of continuous or piecemeal interruptions of the state proceedings by litigation

---

[18] Docket 24 at 16.

[19] Docket 24 at 15 (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974)).

[20] *O'Shea*, 414 U.S. at 492.

[21] *O'Shea*, 414 U.S. at 499.

Case No. 3:17-cv-00226-SLG, *AK Pretrial Detainees, et al. v. AK Court System, et al.*
Order re Motion for Preliminary Injunction
Page 4 of 7

in the federal courts; the object is to sustain the special delicacy of the adjustment to be preserved between federal equitable power and State administration on its own law. An injunction of the type contemplated by respondents and the Court of Appeals would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution against the federal plaintiff which was found to be unwarranted in *Younger*. Moreover, it would require for its enforcement the continuous supervision by the federal court over the conduct of the petitioners in the course of future criminal trial proceedings involving any of the members of the respondents' broadly defined class.[22]

Here, Plaintiffs are also seeking equitable relief against state officials and request an injunction to require the state court not to shackle pretrial detainees to each other by the wrists and for an individual "judicial factual determination of necessity" for any pretrial detainee that is shackled.[23] An injunction of this sort would disrupt the normal course of proceedings in state court and would interfere with the state criminal process as it would require state courts to make shackling determinations for each individual pretrial detainee. Moreover, it would likely require this Court to step into the role of ongoing compliance monitor and enforcer of the injunction in federal court.

The proper forum for Plaintiffs to adjudicate their claims is in Alaska state courts. The Alaska state courts have already addressed similar claims made in the context of jury trials.[24] Moreover, Plaintiffs could appeal a potential unfavorable state court decision

---

[22] *O'Shea*, 414 U.S. at 500 (internal quotation and citations omitted).

[23] *See* Docket 10-1 at 2.

[24] *See Anthony v. State*, 521 P.2d 486, 496 (Alaska 1974) (During trial "guards should remain outside the observation of the jury, and should deliver the defendant to the counsel table before the jury's arrival if necessary; manacles, shackles and other physical restraints are, of course, to be avoided. Deviation from these standards is justified only to protect the safety and decorum of the court, to prevent a threatened escape, or to respond to some other manifest necessity. Such measures should be taken only after the defendant has been given the opportunity for a hearing, and the restraints imposed should be the least intrusive which will accomplish the desired result."

Case No. 3:17-cv-00226-SLG, *AK Pretrial Detainees, et al. v. AK Court System, et al.*
Order re Motion for Preliminary Injunction
Page 5 of 7

to the Alaska Supreme Court. The Alaska Supreme Court would then have the opportunity to decide whether to adopt the Ninth Circuit's reasoning in *Sanchez-Gomez*. Should Plaintiffs not obtain a favorable result, Plaintiffs could also seek direct review to the United States Supreme Court or federal habeas relief.[25]

At oral argument, Plaintiffs narrowed their argument and requested the Court to issue an injunction, requiring the state courts to implement a policy regarding pretrial detainee shackling. However, requiring the state court to issue and implement a policy would also interfere with the state court criminal proceedings. And if Plaintiffs were unsatisfied with the policy that the state court may or may not implement, it would also require them to seek enforcement of the injunction in federal court.

Plaintiffs assert that "[a]bstention does not apply since no ongoing federal intrusion with state court cases will be created by the requested injunction."[26] Plaintiffs cite to *Courthouse News Service v. Planet* in support, which states, "*O'Shea* abstention is inappropriate where the requested relief may be achieved without an ongoing intrusion into the state's administration of justice."[27] In *Courthouse News Service*, the plaintiffs sought an injunction preventing the California state courts from withholding court filing information to the media under the First Amendment. The Ninth Circuit held that the

---

(internal citations omitted)); *Nason v. State*, 102 P.3d 966, 969–70 (Alaska App. 2004) (holding trial court erred in not holding evidentiary hearing before allowing defendant to be shackled in front of jury at trial).

[25] *See O'Shea*, 414 U.S. at 502 ("In appropriate circumstances, . . . federal habeas relief would undoubtedly be available.").

[26] Docket 35 at 9.

[27] 750 F.3d 776, 790 (9th Cir. 2014).

Case No. 3:17-cv-00226-SLG, *AK Pretrial Detainees, et al. v. AK Court System, et al.*
Order re Motion for Preliminary Injunction
Page 6 of 7

district court improperly abstained from the case, and the *O'Shea* doctrine did not apply because providing same-day access to civil complaint filings posed "little risk that the federal courts would need to examine the administration of a substantial number of individual cases."[28] Here, each pretrial detainee has a different background and criminal history, requiring a court to apply the shackling requirement on an individual basis. Moreover, in *Courthouse News Service*, the court added abstention "is appropriate where the relief sought would require the federal court to monitor the substance of individual cases on an ongoing basis to administer its judgment."[29] As discussed above, the relief Plaintiffs' seek would likely require monitoring by this Court in individual cases to administer the proposed order.

The proper forum for the relief Plaintiffs request is the Alaska state courts.[30] Therefore, the Court will abstain from reaching a decision on the merits.

## CONCLUSION

Based on the forgoing, Plaintiff's Motion for Preliminary Injunction at Docket 10 is DENIED.

DATED this 9th day of May, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[28] 750 F.3d at 791; *cf. Sammartano v. First Judicial Dist. Court*, 303 F.3d 959 (9th Cir. 2002), *abrogated on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (holding plaintiffs had right to injunctive relief, which prevented state court from banning spectators who wore clothing with symbols of motorcycle organizations in the state courts.).

[29] 750 F.3d at 790.

[30] *See Miles v. Wesley*, 801 F.3d 1060, 1065 (9th Cir. 2015) ("Out of respect for the independence of state judiciaries, a federal court cannot substitute its judgment for [state court] resource allocation choices under these circumstances.").

Case No. 3:17-cv-00226-SLG, *AK Pretrial Detainees, et al. v. AK Court System, et al.*
Order re Motion for Preliminary Injunction
Page 7 of 7